IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAINE CAMPBELL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 13-3251 |
| HOME DEPOT, INC., STORE #4140, HOME DEPOT, USA INC. AND THE HOME DEPOT a/k/a HOME DEPOT USA UNC. | : | |
| Defendants. | : | |

**Goldberg, J.**                                                                                               May 15, 2014

**MEMORANDUM OPINION**

**I.      INTRODUCTION**

Plaintiff Blaine Campbell has sued Defendants Home Depot[1] in connection with a slip and fall that occurred at a Home Depot store in Allentown, Pennsylvania on February 20, 2012. Plaintiff alleges that Defendants were negligent in failing to protect him against an oily substance on the store's floor, and that the resulting accident caused him severe and permanent injuries to his back, leg, wrist and ankle. Presently before us are Defendants' motion for summary judgment and motion to compel documents related to Plaintiff's alleged damages. For the reasons discussed below, we will grant the motion for summary judgment and deny the motion to compel as moot.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

Unless otherwise indicated, the following facts are undisputed:

---

[1] Plaintiff names four "Home Depot" entities as defendants. Defendants respond that several of the entities are misnamed and that one is not a proper party to the action. As that issue is not presently before us, for the purposes of this motion we will use "Defendants" to refer to all four named Defendants and assume their participation in the events at issue.

1

Plaintiff and his wife were shopping at a Home Depot store in Allentown, Pennsylvania on February 20, 2012. As they entered the plumbing aisle, Plaintiff stopped to look at water heaters, while Plaintiff's wife walked ahead to look at plungers. As Plaintiff's wife returned to the cart with a plunger, Plaintiff took a step forward, slipped and fell. (Pl.'s Dep. 180-81, 191-92.) Thereafter, Plaintiff discovered an oily substance, which he described as colorless and odorless, covering an area approximately two feet in diameter on the floor where he had fallen. (Pl.'s Dep. 83, 225.) The store's head cashier and assistant manager responded to the area and confirmed the presence of a liquid on the floor. (Pl.'s Resp. Exs. F, G.) Plaintiff testified that the store's assistant manager, Zachary Durnin, told Plaintiff following the accident that the substance looked like pipe threading oil.

In his written report on the incident, Durnin did not refer to pipe threading oil, but speculated that the substance could have been drain opener. (Pl.'s Resp. Ex. G.) Like Plaintiff, Durnin described the substance as colorless and odorless. (Id.) In an affidavit attached as an exhibit to Defendants' motion for summary judgment, Durnin stated that after investigating the accident, he determined that both drain opener and pipe threading oil differ in texture and odor from the substance found at the scene of Plaintiff's accident, and that he was unable to identify the substance on which Plaintiff slipped. (Def.'s Br. Ex. E.)

The parties have also reviewed security camera footage depicting the area of the accident for approximately one hour prior to the accident, as well as the accident itself. Plaintiff has attached still images captured from the video to his response, and both parties have submitted affidavits describing what they believe the video depicts. The parties agree that the video depicts the fall, as well as numerous employees and customers passing through the area prior to the fall, but no visible evidence of a spill occurring. (Pl.'s Resp. Ex. I; Def.'s Reply Ex. A.)

**III.     LEGAL STANDARD**

A court shall grant summary judgment Under Federal Rule of Civil Procedure 56(a) "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the non-moving party. Galena v. Leone, 638 F.3d 186, 196 (3d Cir. 2011). However, "unsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. Schaar v. Lehigh Valley Health Servs., Inc., 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 461 (3d Cir. 1989)).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." Id. at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information,

affidavits or declarations, stipulations…, admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c)(1)(A)-(B).

## IV. DISCUSSION

To establish negligence under Pennsylvania law, a plaintiff must show: (1) a duty on behalf of the defendant to conform to a certain standard of conduct to protect others against unreasonable risks; (2) breach of that duty; (3) a causal connection between the breach and the injury suffered; and (4) actual damage caused as a result. Felix v. GMS, Zallie Holdings, Inc., 501 Fed. Appx 131, 134 (3d Cir. 2012).

A possessor of land owes business invitees the highest duty of care. Lai v. Target Corp., 2013 WL 1311130, at *1 (E.D. Pa. April 2, 2013). The possessor must protect invitees against unreasonably dangerous conditions that the possessor or its employees are aware of or would discover through the exercise of reasonable care, and should expect invitees will not discover. Flocco v. Super Fresh Markets, Inc., 1998 WL 961971, at *2 (E.D. Pa. Dec. 29, 1998) (citations omitted). Knowledge of an unreasonably dangerous condition can be established by showing that (1) the possessor or its employees caused the condition; or (2) that the possessor had actual or constructive notice of the condition. Id. Actual notice exists where, for example, a defendant has been warned of the condition prior to the injury. Constructive notice can be established through evidence that the condition existed for long enough so that, in the exercise of ordinary care, the possessor should have been aware of it. Felix, 501 Fed. Appx. at 135.

Defendants contend that Plaintiff cannot establish a breach of duty, as the record contains no evidence that Defendants caused or had knowledge—either actual or constructive—of any dangerous condition prior to the accident. Plaintiff responds that (1) Defendants themselves

created the dangerous condition, which was pipe threading oil Defendants used to thread pipe earlier in the day; and (2) Defendants had constructive notice of the condition, which is established by security camera footage of the area prior to the accident.

More specifically, Plaintiff asserts that sufficient facts exist to establish that the substance was pipe threading oil. In his statement of undisputed facts, Plaintiff points out that he observed a pipe threading machine in the vicinity of his fall and also observed customers carrying pipe past him following the accident. However, Plaintiff testified in his deposition that he had not seen the pipe threading machine on the date of the accident and did not know where it was located. (Pl.'s Dep. 200-01.)

Plaintiff also points to the fact that the store's assistant manager, Zachary Durnin, informed him shortly after the accident that the substance appeared to be pipe threading oil. Durnin later stated in an affidavit that upon investigating the accident, he determined that the texture and odor of the substance differed from pipe threading oil. In any event, speculation by Durnin, who did not actually know what the substance was or how long it had been on the floor, is an insufficient evidentiary basis for drawing conclusions about the substance. See Felix, 501 Fed. Appx. at 155 ("Speculation [of the store manager]…is just that—speculation; he neither observed the liquid coming from the pallet nor had any knowledge that a spill was caused in that way.") Accordingly, Plaintiff cannot point to sufficient facts to establish that Defendants caused the condition.

Absent evidence that Defendants caused the condition, Plaintiff must show that Defendants had notice of the condition sufficient to provide an opportunity to remedy it. Lai v. Target Corp., 2013 WL 1311130, at *3 (E.D. Pa. April 2, 2013). The mere existence of a dangerous condition can establish constructive notice if "the defect is of a type with an

inherently sustained duration, as opposed to a transitory spill which could have occurred an instant before the accident[.]" Neve v. Insalaco's, 771 A.2d 786, 791 (Pa. Super. 2001). Where, as in this case, the dangerous condition is a spill, Plaintiff must "point to evidence that would allow the jury to infer that the [substance] was on [Defendants'] floor long enough so that it would have been discovered with the exercise of reasonable care." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). Plaintiff argues that the approximately one hour of video from Defendants' security camera showing the area of the accident prior to and including the fall establishes that the substance was on the floor long enough that Defendants should have discovered it.

Both Plaintiff and Defendants' attorneys have viewed the security video in question and have submitted affidavits describing what they believe it depicts. After carefully reviewing the affidavits and the still images captured from the video and attached as exhibits to Plaintiff's affidavit, we find that it is not possible to determine if the substance was on the floor for a period of time sufficient to establish constructive notice. Neither party contends that the substance, which was colorless, is visible in the video either before or after the accident. Plaintiff does not contend that any of the people—either employees or customers—seen in the vicinity of the accident behaved in a manner indicating that they noticed a spill on the floor, or had difficulty walking through the area. Plaintiff argues that because no one is seen carrying pipes through the area in the videos, the substance must have dripped from a pipe prior to the time of the recording. However, we have already determined that the claim that the substance was pipe threading oil is mere speculation. Just as the substance may have dripped from a pipe earlier as Plaintiff speculates, it may have emanated from one of any number of products in the hands and shopping carts of people seen passing through the aisle. Further, because the substance was colorless, it

may have spilled or leaked in a manner not visible on the video. Plaintiff testified that he saw no track marks in the substance other than from his own shopping cart. (Pl.'s Depo. 85); See Mack v. Pittsburgh Rys., 247 Pa. 598, 602 (1915) (finding that a jury would have been warranted in finding that a grease spot had been present for some time based on dust and footprints found in it); Lanni v. Pennsylvania Railroad, 371 Pa. 106, 111 (1952) (finding the presence of dust without footprints in a substance insufficient to allow a jury to impute constructive notice). In short, there are simply no facts of record to establish how or when the substance appeared on the floor. Accordingly, there is no issue of fact that Defendants had notice of the spill prior to the accident, and Defendants' motion for summary judgment must therefore be granted.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment will be granted and its motion to compel wage loss documentation will be denied as moot. An appropriate order follows.